NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3145

DAVID A. RIVERS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: October 7, 2005

_____

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

David A. Rivers ("Rivers") appeals the Merit Systems Protection Board's ("Board") decision affirming the Department of Veterans Affairs' ("agency") removal of him from his Nursing Assistant position. Rivers v. Dep't of Veterans Affairs, No. DA-0752-05-0053-I-1 (M.S.P.B. Mar. 1, 2005). Because substantial evidence supports the Administrative Judge's ("AJ") findings that Rivers was absent without official leave ("AWOL") from October 29, 2003 through December 8, 2003, and that the penalty of removal was reasonable, we affirm.

Background

On December 30, 2002, Rivers alleged that he was injured while working. Following a brief absence and having filed a complaint with the Office of Workers

Compensation Programs ("OWCP"), Rivers returned to work on light duty status.[1] In March 2003, OWCP denied Rivers' claim, finding that the medical evidence Rivers provided did not establish that his medical condition resulted from an employment injury. On April 17, 2003, the agency informed Rivers that he would no longer be kept on light duty status, because OWCP had denied his job-related injury claim. As a result, until Rivers was able to return to full, unrestricted duty, he would have to request leave of some type (i.e., sick leave, annual leave in lieu of sick leave, or leave without pay ("LWOP")). When Rivers did not return to work on April 21, 2003, or apply for leave, he was placed in AWOL status. Eight days later, OWCP issued a reconsideration decision upholding its denial of Rivers' claim.

On May 16, 2003, Rivers requested LWOP from that day until December 17, 2003, in order to pursue disability retirement. Following several exchanges between Rivers and the agency, he was approved for LWOP status for 90 days, effective May 16, 2003. On August 25, 2003, OPM denied Rivers' claim for disability retirement.[2] Despite the passing of the 90-day period, the agency continued to place Rivers in LWOP status. However, on September 22, 2003, the agency requested documentation from Rivers as to why he still could not return to full, unrestricted duty. By October 29, 2003, Rivers still had not requested additional LWOP from the agency, nor had he supplied the medical information necessary for him to continue in LWOP status. Accordingly, on that day the agency informed him that in the future he would be considered AWOL. On December 8, 2003, the agency notified Rivers that the VA

---

[1] At the time of his injury Rivers was already on light duty status—as a result of a previous job-related injury.

[2] On reconsideration, OPM affirmed its initial decision denying disability retirement. This ruling was later reversed by the Board.

proposed to remove him from his position. On January 30, 2004, Rivers was removed from Federal service.

The Board found that Rivers was indeed AWOL for the time period October 29, 2003 through December 8, 2003, and that the penalty of removal was reasonable.[3] The full Board denied Rivers' petition for review, and the AJ's decision became final. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Analysis

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C § 7703(c).

To prove that Rivers was AWOL on the dates in question, the agency must show he was absent and that the absences were not authorized or that a request for leave was properly denied. Taylor v. Dep't of the Air Force, 80 M.S.P.R. 450, 454 (1998). Here it is undisputed that Rivers did not report for work from October 29, 2003 to December 8, 2003. Further, as noted by the AJ, Rivers has not asserted, nor does the record reflect, that the agency had authorized his absence during this period. Indeed, the record makes clear that Rivers' absence at work was not authorized. Given Rivers' failure to provide the agency with the requested medical documentation to support

---

[3] The agency had proposed Rivers' removal based on two charges (the second being failure to follow written instructions); however, because the two charges were based upon the same facts, the charges were merged into a charge for being AWOL.

continued LWOP status and his continued absence without leave, substantial evidence supports the AJ's determination that Rivers was AWOL for the asserted time period.

Substantial evidence also supports the AJ's affirmance of the penalty of removal. The agency considered the evidence of record, including Rivers' "years of service, past work record, the seriousness of the offenses . . ., and whether there were any mitigating or extenuating circumstances which would justify mitigation of the proposed penalty" prior to its decision to remove Rivers rather than mitigate the proposed penalty.

Accordingly, we affirm the Board's decision.